IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ALBERT FOSTER,                          )     CASE NO. 1:10 CV 1578
                                        )
                  Petitioner,           )     JUDGE LESLEY WELLS
                                        )
        v.                              )     MAGISTRATE JUDGE
                                        )     WILLIAM H. BAUGHMAN, JR.
ED BANKS, Warden,                       )
                                        )
                  Respondent.           )     **REPORT & RECOMMENDATION**

Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -2-

Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -5-
        A.    Background facts, pretrial motions, trial and sentence . . . . . . . . . . . . . .  -5-
        B.    Direct appeal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -8-
              1.    Ohio court of appeals . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -8-
              2.    Supreme Court of Ohio . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -10-
        C.    Federal habeas proceeding . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -12-
              1.    Foster's petition  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -12-
              2.    State's return of the writ . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -14-
              3.    Traverse and reply  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-

Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-
        A.    Preliminary observations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -15-
        B.    Standards of review . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -16-
              1.    Non-cognizable grounds . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -16-
              2.    Procedural default . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -18-
              3.    AEDPA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -20-
        C.    Applications of standards  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -22-
              1.    Grounds one, two, part of three, four, six, seven, eight, and ten are non-
                    cognizable and so should be dismissed. . . . . . . . . . . . . . . . . . . . .  -22-
                    a.    Ground one – amending indictment  . . . . . . . . . . . . . . . .  -22-
                    b.    Ground two – Failure to grant a continuance  . . . . . . . . .  -24-
                    c.    Ground three (partial) – motion to suppress  . . . . . . . . .  -25-
                    d.    Ground four – admissibility of testimony at trial  . . . . . .  -27-
                          i.    Testimony regarding why in general sex abuse victims
                                recant  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  -28-

                ii.     Testimony by Foster's wife/ the victim's sister regarding
                        2004 allegation . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-
                iii.    Testimony by a police officer referring to the "victim"
                        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -29-
        e.      Ground six – Testimony of other bad acts without limiting
                instruction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -30-
        f.      Ground seven – Testimony of Foster's wife without his consent
                . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -31-
        g.      Ground eight – Failure to instruct as to lesser included offense
                . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -33-
        h.      Ground ten – Consecutive sentences on first offender . . -34-
    2.  Grounds three (partial), six, eight, and nine are procedurally defaulted
        and so should be dismissed. . . . . . . . . . . . . . . . . . . . . . . . . . -35-
        a.      Ground three (partial) – Fifth and Sixth Amendment claims
                regarding admission of Foster's statement after warrantless
                arrest . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -35-
        b., c.  Ground six – No limiting instruction on other acts evidence;
                Ground eight – No instruction on lesser included offense
                . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -38-
        d.      Ground nine – Sufficiency of the evidence . . . . . . . . . . -39-
    3.  Ground five – alleging an improper limiting of cross-examination –
        should be denied on the merits since the state appeals court adjudication
        of this issue was not contrary to clearly established federal law.
        . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -40-

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . -42-

# Introduction

Before me by referral[1] is the petition of Albert Foster[2] for a writ of habeas corpus

under 28 U.S.C. § 2254.[3] In 2007 Foster was found guilty by a Cuyahoga County (Ohio) jury

---

[1] The matter was referred to me by United States District Judge Lesley Wells on
September 24, 2010, in a non-document order.

[2] Foster is here represented by counsel Paul Mancino, Jr.

[3] ECF # 1.

of two counts each of rape and kidnapping, and he is currently serving a six-year prison term for that conviction at the Hocking Correctional Facility.[4] As is more fully detailed below, Foster raises ten grounds for federal habeas relief.[5] In response, the State, while presenting alternative theories for resolving some grounds,[6] essentially contends that eight grounds for relief should be dismissed as non-cognizable,[7] one (or alternatively, four) ground(s) should be dismissed as procedurally defaulted[8] and one ground denied on the merits.[9] Foster filed a traverse,[10] to which the State replied.[11] For the reasons that follow, I will recommend that Foster's petition be dismissed in part and denied in part.

---

[4] *Id.* at 1; ECF # 7, Attachment (state court record) at 263 (Ohio appellate court opinion).

[5] ECF # 1 at 4-5.

[6] ECF # 7 at 27 (a portion of ground three that is otherwise non-cognizable is procedurally defaulted); 30-31 (grounds six, eight, and nine that are otherwise non-cognizable are also, alternatively, procedurally defaulted).

[7] *Id.* at 13-24.

[8] *Id.* at 28-30.

[9] *Id.* at 33-35.

[10] ECF # 8.

[11] ECF # 9.

# Facts

## A.   Background facts, pretrial motions, trial and sentence

As found by the Ohio appeals court,[12] the facts here are extensive. A brief summary of facts relevant to the present petition are set forth below.

Foster was arrested in December, 2004, after Cleveland police were called to respond to a sexual assault on a juvenile.[13] That call originated at the East Side residence occupied by Foster, his wife, N.S., and his wife's then 15-year-old sister, B.S.[14] B.S. had lived with her sister since she was eleven and had considered Foster like a father.[15] According to her sister, B.S. was learning disabled and in special education classes.[16]

Beginning from the time B.S. was twelve or thirteen, Foster began having regular non-consensual sexual intercourse with B.S.[17] In April 2004, B.S. learned she was pregnant and she gave birth to Foster's daughter in October.[18] Although B.S. had then told her sister – soon to be Foster's wife – about what Foster was doing, her complaints were not believed

---

[12] Facts found by the state appeals court on its review of the record are presumed correct by the federal habeas court. 28 U.S.C. § 2254(e)(1); *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[13] ECF # 7, Attachment at 256.

[14] *Id*.

[15] *Id*. at 259.

[16] *Id*. at 261.

[17] *Id*. at 260.

[18] *Id*.

at the time, and B.S. later recanted the allegations out of fear that her sister would return her to foster care.[19]

On the night of December 28, 2004, Foster again had non-consensual sex with B.S. in the basement of their home.[20] The next day, after B.S. again told her sister about Foster's actions and said she now had proof of sexual activity between them, police were called, and they arrested Foster.[21] B.S. was taken to MetroHealth where a rape kit was developed.[22]

Foster was charged in February, 2005, with 38 counts each of rape and kidnapping.[23] Although a plea agreement was reached in September whereby Foster pled guilty to ten counts of rape, he was later allowed to withdraw that plea[24] and go to trial.[25]

Immediately prior to trial, Foster moved to suppress his statement to the arresting officers that he did have sex with B.S. just prior to his arrest but that she seduced him.[26] The court found that because there was probable cause for the arrest and that Foster had been read

---

[19] *Id*.

[20] *Id*.

[21] *Id*.

[22] *Id*. at 261.

[23] *Id*. at 255.

[24] A psychiatric evaluation found Foster incompetent to enter the plea. *Id*. at 121.

[25] *Id*. at 255-56.

[26] *Id*. at 256.

his *Miranda* rights, the statements were not the result of an improper arrest.[27] However, the court granted another motion to suppress statements Foster gave to police the next day while in jail, finding that Foster had not knowingly, intelligently, and voluntarily waived his right to speak without an attorney present.[28]

Also prior to trial, the prosecution moved the court to amend the bill of particulars as to eight counts of the indictment so as to more specifically identify the type of sexual conduct involved, as well as the time and location of the offenses.[29] Over defense objections that the proposed amendments were still insufficiently particular as to six counts, the trial court granted the motion and, at the prosecution's request, dismissed the non-amended charges.[30]

At trial, the jury heard testimony from: the victim, her sister, forensic biologists from the Ohio Bureau of Criminal Investigation, the MetroHealth ER nurse, a sex abuse counselor from the Cuyahoga County Department of Children and Family Services, and two Cleveland police detectives.[31] The jury then found Foster not guilty as to four of the remaining eight counts (two counts each of rape and kidnapping), but guilty as to four counts (again, two counts each of rape and kidnapping).[32] On December 6, 2007, the trial judge then merged the

---

[27] *Id*. at 257.

[28] *Id*.

[29] *Id*. at 257-58.

[30] *Id*. at 258-59.

[31] *Id*. at 259.

[32] *Id*. at 263.

two kidnapping convictions into the two rape convictions, and sentenced Foster to three years' imprisonment on each of the merged counts, with the sentences to be served consecutively – a total imprisonment of six years.[33]

## B. Direct appeal

### 1. Ohio court of appeals

Foster, represented by the same counsel as at trial, then timely filed[34] a notice of appeal.[35] In his brief, Foster raised thirteen assignments of error:[36]

> 1. Defendant was denied due process of law when the court permitted amendments to the indictment through amendments to the bill of particulars.(Tr. 35, 36, 37, 45,48, 49).
>
> 2. Defendant was denied due process of law when the court did not continue the case based on these amendments to the indictment and bill of particulars on the day of trial. (Tr. 45, 46, 75, 76).
>
> 3. Defendant was denied due process of law when the court overruled Defendant's motion to suppress. (Tr. 353-54, 362-63).
>
> 4. Defendant was denied due process of law when the court allowed Tierra Anderson and James McPike to state their opinions concerning why victims recant. (Tr. 421-22, 423, 425-26, 427-28, 435-36, 463-63).

---

[33] *Id*. at 124.

[34] Foster filed his notice of appeal on January 4, 2008 (*id*. at 125), or less than 30 days after the entry of his conviction and sentence on December 6, 2007. Ohio App. Rule 4(A) provides that a notice of appeal must be filed within 30 days of the entry of the judgment being appealed to be timely.

[35] ECF # 7, Attachment at 131.

[36] *Id*. at 152.

5.      Defendant was denied a fair trial when a witness testified concerning her beliefs. (Tr. 389-90).

6.      Defendant was denied due process of law when a police officer was allowed to testify to his opinion as to who was the victim. (Tr. 369, 373, 375).

7.      Defendant was denied his constitutional right of confrontation and cross-examination. (Tr. 267, 279, 297-98, 306-07).

8.      Defendant was denied a fair trial when the court allowed evidence of other acts but gave no limiting instruction. (Tr. 35-37, 260, 274, 275).

9.      Defendant was denied due process of law when the court allowed Defendant's wife to testify without his consent. (Tr. 364-66, 385-95).

10.     Defendant was denied due process of law when the court declared a prosecution witness to be an expert witness in the presence of the jury. (Tr. 316, 333, 46-63).

11.     Defendant was denied due process of law when the court declined to give an instruction on the lessor or inferior offense of gross sexual imposition. (Tr. 48-89, 525).

12.     Defendant was denied due process of law when the court overruled his motions for judgments of acquittal and defendant's convictions are contrary to the manifest weight of the evidence. (Tr. 262-63, 462-63, 476).

13.     Defendant was denied due process of law when he was sentenced to consecutive terms of imprisonment. (Tr. 23, 608-10).

The State filed a brief in opposition,[37] to which Foster replied.[38] On February 10,

2009, the Ohio appeals court affirmed the decisions of the trial court in all respects,

---

[37] *Id*. at 185-226.

[38] *Id*. at 227-29.

upholding Foster's convictions and sentences.[39] Foster's motion for reconsideration,[40] which was opposed by the State,[41] was then denied by the appellate court.[42]

### 2.  Supreme Court of Ohio

Foster, through the same attorney as had represented him consistently, then timely filed a notice of appeal with the Supreme Court of Ohio.[43] In his memorandum in support of jurisdiction,[44] Foster raised the following twelve propositions of law:[45]

   1.    A defendant has been denied due process of law when the court permits an amendment to the indictment through an amendment to the bill of particulars.

   2.    A defendant has been denied due process of law when the court will not continue the case based on amendments to the indictment on the day of trial.

   3.    A defendant has been denied due process of law when the court overrules a motion to suppress based on defendant's warrentless [sic] arrest.

---

[39] *Id*. at 253-72.

[40] *Id*. at 273-78.

[41] *Id*. at 279-87.

[42] *Id*. at 288.

[43] *Id*. at 289-90. The appeals court decision was entered on February 10, 2009 (*id*. at 253), and the notice of appeal filed at the Ohio Supreme Court on March 25, 2009 (*id*. at 289). A notice of appeal is timely under Ohio Supreme Court Rule of Practice 2.2(A)(1)(a) if it is filed within 45 days of the entry of the judgment being appealed.

[44] *Id*. at 291-309.

[45] *Id*. at 292-93.

4.   A defendant has been denied due process of law and a fair trial when the court allows witnesses to state their opinions concerning why alleged victims of sexual assault recant.

5.   A defendant has been denied a fair trial when the court allows a witness to testify concerning her beliefs rather than facts.

6.   A defendant has been denied a fair trial and due process of law when a police officer was allowed to testify as to his opinion as to who the victim was.

7.   A defendant has been denied his constitutional right of confrontation and cross-examination when the government attempted to explore on cross-examination his basis of defense.

8.   A defendant has been denied a fair trial when the court allows evidence of other acts and fails to give a limiting instruction.

9.   A defendant has been denied due process of law when the court allows Defendant's wife to testify without his consent.

10.   A defendant is denied due process of law when the court fails to give any instruction on lesser included offense.

11.   A defendant is denied due process of law when the court fails to enter a judgment of acquittal based on a lack of evidence.

12.   A defendant is denied due process of law when the court imposes consecutive sentences on a first time offender.

After the State waived the filing of a responsive memorandum,[46] on June 17, 2009, the Supreme Court of Ohio dismissed Foster's appeal as not involving any substantial constitutional questions.[47]

---

[46] *See*, ECF # 7 at 10.

[47] ECF # 7, Attachment at 330.

-10-

The record does not indicate that Foster then sought a writ of certiorari from the United States Supreme Court.

## C.    Federal habeas proceeding

### 1.    *Foster's petition*

Through counsel, Foster timely filed[48] the present federal habeas corpus petition asserting the following ten grounds for relief:[49]

> A.    Ground one: Sixth and Fourteenth Amendment
>
> Supporting Facts: The trial court allowed the prosecuting attorney to amend the bill of particulars, which in effect, amended the indictment without resubmission of the case to the grand jury.
>
> B.    Ground two: Fourteenth Amendment
>
> Supporting Facts: Petitioner was denied due process of law when the trial court would not continue the trial based on amendments which the court allowed to the indictment which occurred on the date of trial.
>
> C.    Ground three: Fourth, Fifth and Fourteenth Amendment
>
> Supporting Facts: Petitioner filed a motion to suppress any statements he made. Petitioner was arrested at his home by police without a

---

[48] The petition was filed on July 16, 2010. ECF # 1. The Supreme Court of Ohio dismissed his appeal on June 17, 2009. ECF # 7, Attachment at 330. 28 U.S.C. § 2254(d)(1) provides that a habeas petition must be filed within one year of the date when judgment in the state court became final. However, this one-year period following the conclusion of the state direct review procedure does not begin until the 90-day period for filing a petition for a writ of certiorari in the United States Supreme Court expires, regardless of whether the petitioner files for such relief or not. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Thus, Foster's petition should be considered timely.

[49] ECF # 1 at 4-5.

-11-

warrant. Thus, any statements he made as a result of his warrantless arrest should have been suppressed.

D.    Ground four: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law and a fair trial when the court permitted witnesses to state their opinions concerning why an alleged victim of sexual assault recant. Moreover, the court permitted witnesses to testify concerning beliefs rather than facts as they were perceived by the witnesses. In addition the court allowed a police officer to testify as to his opinions as to who the victim was.

E.    Ground five: Sixth and Fourteenth Amendment

Supporting Facts: Petitioner was denied his constitutional right of confrontation and cross-examination when the court precluded cross-examination on the issue of consent.

F.    Ground six: Fourteenth Amendment

Supporting Facts: Petitioner was denied a fair trial when the court allowed evidence of other alleged bad acts and failed to give the jury a limiting instruction.

G.    Ground seven: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court allowed petitioner's wife to testify without his consent.

H.    Ground eight: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court refused to give a limiting instruction on any lesser included offenses which went to petitioner's right to present a defense.

I.    Ground nine: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court failed to enter a judgment of acquittal because there was

insufficient evidence to permit a rational factfinder to return a verdict of guilty.

J.      Ground ten: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court imposed consecutive sentences on petitioner who was a first offender. A first offender under Ohio law should receive minimum concurrent sentences for the same offenses.

**2.      *State's return of the writ***

In the return of the writ, the State argues that Foster's first, second, part of the third, fourth, sixth, seventh, eighth, and tenth grounds for relief must be dismissed as non-cognizable because they do not allege any violation of a federal constitutional right.[50] The State further argues that because Foster procedurally defaulted on part of the third ground for relief and on the sixth, eighth, and ninth grounds, those claims should be dismissed as procedurally defaulted.[51] Finally, the State contends that ground five should be denied on the merits.[52]

---

[50] ECF # 7 at 12-24.

[51] *Id*. at 27-31.

[52] *Id*. at 31-35.

-13-

### 3. *Traverse and reply*

Foster filed a traverse.[53] The State then filed a reply to argue that in the traverse Foster had attempted to improperly expand the scope of his third ground for relief from the basis asserted in the petition.[54]

## Analysis

### A. Preliminary observations

Before proceeding further, I make the following preliminary observations:

1. There is no dispute that Foster is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[55]

2. There is also no dispute, as detailed above, that this petition was timely filed under the applicable statute.[56]

3. In addition, Foster states,[57] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[58]

---

[53] ECF # 8.

[54] ECF # 9.

[55] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[56] 28 U.S.C. § 2254(d)(1); *Bronaugh*, 235 F.3d at 283-84.

[57] *See*, ECF # 1 at 4.

[58] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

-14-

4.      Moreover, subject to the fair presentment arguments raised by the State, it appears that these claims have been totally exhausted in Ohio courts by virtue of having been presented through one full round of Ohio's established appellate review procedure.[59]

5.      Finally, because Foster is represented by counsel, he has not requested the appointment of counsel,[60] nor has he requested an evidentiary hearing to develop the factual bases of his claims.[61]

## B.     Standards of review

### 1.     *Non-cognizable grounds*

The federal habeas statute, by its own terms, restricts the writ to state prisoners who are in custody in violation of federal law.[62]  Accordingly, it is well-settled that, to the extent a petitioner claims that his custody is a violation of state law, the petitioner has failed to state a claim upon which federal habeas relief may be granted.[63]  In such circumstances, a claim for federal habeas relief based solely on the ground of purported violation of state law is properly dismissed by the federal habeas court as non-cognizable.[64]

---

[59] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[60] 28 U.S.C. § 2254(h); Rule 8(c), Rules Governing 2254 Cases.

[61] 28 U.S.C. § 2254(e)(2).

[62] 28 U.S.C. § 2254(a).

[63] *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990).

[64] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir. 2007).

-15-

However, a claimed error of state law may nevertheless serve as the basis for federal habeas relief if such error resulted in the petitioner being denied "fundamental fairness" at trial.[65]  The Supreme Court has made clear that it defines "very narrowly" the category of infractions that violate the "fundamental fairness"of a trial.[66]  Specifically, such violations are restricted to offenses against "'some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental.'"[67]

The petitioner bears the burden of showing that a principle of fundamental fairness was violated.[68]  In so doing, the federal habeas court must follow the rulings of the state's highest court with respect to state law[69] and may not second-guess a state court's interpretation of its own procedural rules.[70]  Further, while, in general, distinct constitutional claims of trial error may not be cumulated to grant habeas relief,[71] the Sixth Circuit has recognized that "'[e]rrors that might not be so prejudicial as to amount to a deprivation of

---

[65] *Estelle*, 502 U.S. at 67-68.

[66] *Bey*, 500 F.3d at 522, quoting *Dowling v. United States*, 493 U.S. 342, 352 (1990).

[67] *Id*. at 521, quoting *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996).

[68] *Id.*

[69] *Wainwright v. Goode*, 464 U.S. 78, 84 (1983).

[70] *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988).

[71] *Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006).

-16-

due process when considered alone, may cumulatively produce a trial setting that is fundamentally unfair.'"[72]

## 2.    *Procedural default*

Under the doctrine of procedural default, the federal habeas court is precluded from reviewing a claim for relief if the petitioner failed to obtain consideration of that claim on its merits in state court, either because the petitioner failed to raise it when state remedies were still available or due to some other violation of a state procedural rule.[73]

When a violation of a state procedural rule is alleged as the basis for the default, the Sixth Circuit has long-employed a four-part test to determine if the claim is procedurally defaulted in a federal habeas proceeding:

(1)    Does a state procedural rule exist that applies to the petitioner's claim?

(2)    Did the petitioner fail to comply with that rule?

(3)    Did the state court rely on that failure as the basis for its refusal to address the merits of the petitioner's claim?

(4)    Is the state rule violated by the petitioner an adequate and independent state law basis for barring the federal court from considering the claim?[74]

---

[72] *Gillard v. Mitchell*, 445 F.3d 883, 898 (6th Cir. 2006), quoting *Walker v. Engle*, 703 F.2d 959, 963 (6th Cir. 1983).

[73] *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006).

[74] *Morales v. Mitchell*, 507 F.3d 916, 937 (6th Cir. 2007) (citation omitted).

-17-

In addition to establishing these elements, the state procedural rule must be shown to be (a) firmly established and (b) regularly followed before the federal habeas court will decline to review an allegedly procedurally defaulted claim.[75]

If a procedural default is established, the default may be overcome if: (1) the petitioner can show cause for the default and actual prejudice from the court's failure to address the alleged constitutional violation, or (2) that a lack of review of the claims merits will result in a fundamental miscarriage of justice.[76]  In addition, procedural default may also be excused by a showing of actual innocence.[77]

To establish "cause" for the default, a petitioner must generally show that some objective factor, something external to himself, precluded him from complying with the state procedural rule.[78] Demonstrating "prejudice" requires the petitioner to show that the alleged constitutional error worked to his actual and substantial disadvantage, infecting the entire proceeding with error of a constitutional dimension.[79] There can be no prejudice if the petitioner cannot show a reasonable probability of a different outcome at trial.[80]

---

[75] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (citations omitted).

[76] *Hicks v. Straub*, 377 F.3d 538, 552-52 (6th Cir. 2004) (citations omitted).

[77] *Id.*

[78] *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).

[79] *United States v. Frady*, 456 U.S. 152, 170 (1982).

[80] *Mason v. Mitchell*, 320 F.3d 604, 629 (6th Cir. 2003).

Notwithstanding these elements, the Supreme Court has held that federal habeas courts are not required to consider an assertion of procedural default before deciding a claim against the petitioner on the merits.[81]  In that regard, the Sixth Circuit has stated that a federal habeas court may bypass an issue of procedural default when that issue presents complicated questions of state law and addressing it is unnecessary to resolving the claim against the petitioner on the merits.[82]

## 3.    AEDPA

In cases where the state court did not fully address the petitioner's fairly presented constitutional claim in arriving at its decision to deny that claim, that decision is not entitled to full deference from the federal court under the AEDPA rubric.  In such cases, where the state court "does not squarely address the claim, but engages in what resembles the proper constitutional analysis, [the federal habeas court] will review the record and the law, and will reverse [the state court decision] only if [the federal habeas court] determine[s] that the state court decision was contrary to, or an unreasonable application of, clearly established federal law.[83]

Stated differently, where the state court ultimately adjudicated a fairly presented constitutional claim, but did so without fully considering the federal constitutional issue

---

[81] *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997).

[82] *Hudson v. Jones*, 351 F.3d 212, 215-16 (6th Cir. 2003).

[83] *Dyer v. Bowden*, 465 F.3d 280, 284 (6th Cir. 2006) (citing *Filiaggi v. Bagley*, 445 F.3d 851, 854 (6th Cir. 2006); *see also*, *Garcia v. Andrews*, 488 F.3d 370, 374 (6th Cir. 2007).

raised by the petitioner, the Sixth Circuit teaches that the federal habeas court should review that state court decision by applying a modified version of AEDPA deference, along the lines set forth in *Maldonado v. Wilson*.[84] That process, as delineated in *Maldonado*, requires the federal court to first "conduct an independent review of record and applicable law,"[85] followed by applying "the AEDPA standard of whether the state court result is contrary to or unreasonably applies clearly established federal law."[86]

A modified AEDPA review was proper where the issue before the state court concerned whether federal due process rights were violated by the admission of testimony alleged to violate state evidence law and the state court decision was unclear as to whether its "finding was rooted in state evidence law or in federal constitutional law."[87] Thus, the key, as to use of AEDPA deference, is that the state court inquiry – no matter the source – bears some similarity to the inquiry mandated under the applicable clearly established federal law.[88]

---

[84] *Vasquez v. Jones*, 496 F.3d 564, 569-70 (6th Cir. 2007) (citing *Maldonado v. Wilson*, 416 F.3d 470, 475-76 (6th Cir. 2005)).

[85] *Maldonado*, 416 F.3d at 476 (citing *Harris v. Stovall*, 212 F.3d 940, 943 n.1 (6th Cir.2000)).

[86] *Id*. (citing *Harris*, 212 F.3d at 943).

[87] *Id*. at 475 (citing *Howard v. Bouchard*, 405 F.3d 459, 469 (6th Cir. 2005)).

[88] *Id*. at 476.

**C.    Applications of standards**

*1.    Grounds one, two, part of three, four, six, seven, eight, and ten are non-cognizable and so should be dismissed.*

*a.    Ground one – amending indictment*

The State maintains that because there is no federal constitutional right to be charged by an indictment,[89] Foster's first ground for relief is non-cognizable.[90] The State observes that the due process clause does not permit habeas relief for incomplete notice of a criminal charge unless the charging method used failed to describe the charge with "'enough precision and certainty so as to apprise the accused of the crime with which he stands charged.'"[91] Because the bill of particulars to which Foster objects left the elements of the crime unaltered from the indictment, the State argues that Foster had sufficient information to make him aware of the charges against him, as is required by the Constitution.[92] Thus, any remaining complaint about the method used to amend the bill of particulars is purely a matter of state law and does not state a cognizable claim to federal habeas relief.[93]

Most times, a defendant facing child abuse prosecution objects to an indictment's imprecision as to the exact dates and details of the alleged offense and alleges error in the

---

[89] *Branzburg v. Hayes*, 408 U.S. 665 (1972).

[90] ECF # 7 at 13.

[91] *Id*. (quoting *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984)).

[92] *Id*. at 13-14.

[93] *Id*. at 14.

trial court's decision not to allow a bill of particulars containing such information.[94] Nonetheless, even in such circumstances, "fairly large time windows in the context of child abuse prosecutions are not in conflict with [a defendant's] constitutional notice requirements."[95]

In essence, an indictment is constitutionally adequate if it first "contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense."[96] As the state appeals courted noted, the amendment in this case did not change the identity of the offense charged nor did it alter the elements of these offenses.[97]

At best, the record shows that the amendment provided additional details as to the date, time, location, and specific sexual acts involved.[98] Thus, I recommend finding that the amendment's additional details, as in *Valentine*, did not conflict with any constitutional notice requirements applicable to Foster. I then further recommend finding that any issue as to the propriety of the amendment is, as the state appeals court observed, a matter governed by Ohio Criminal Rule 7(D) and so not cognizable as a basis for federal habeas relief.

---

[94] *See*, *Valentine v. Konteh*, 395 F.3d 626, 632 (6th Cir. 2005).

[95] *Id*.

[96] *Hamling v. United States*, 418 U.S. 87, 117 (1974).

[97] ECF # 7, Attachment at 263.

[98] *Id*.

b.      *Ground two – Failure to grant a continuance*

Similarly, the State contends that Foster's argument in ground two is also non-cognizable.[99] Foster asserts that he was denied due process when the trial court failed to continue the trial because the bill of particulars was amended on the day of trial. The State here notes that the question of granting a continuance is "'traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process.'"[100]

I note initially that Foster had requested a continuance of "a couple of days" so that he could investigate where he was living before he married the victim's sister.[101] The court granted a continuance of one day.[102] Moreover, as the Ohio appeals court stated, Foster was acquitted of all charges that allegedly took place prior to when Foster married the victim's sister and so cannot claim any prejudice from the length of the continuance.[103]

That said, the denial of a continuance is customarily seen as within the discretion of the state trial judge and so becomes a constitutional issue of denial of due process only when the right to defend becomes an "empty formality."[104] When, however, as here, the

---

[99] *Id.*

[100] *Id.* (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

[101] ECF # 7, Attachment at 264.

[102] *Id.*

[103] *Id.*

[104] *Ungar*, 376 U.S. at 589.

continuance of one day that was actually allowed could have permitted defense counsel to determine Foster's place of residence at the time the alleged offenses occurred,[105] I recommend finding that the one-day continuance did not render Foster's defense an empty formality and thus did not implicate any constitutional issue.[106]

c.      *Ground three (partial) – motion to suppress*

In ground three, Foster contends that statements made to police following a warrantless arrest should have been suppressed.[107] The State argues[108] that, insofar as this claim alleges a violation of the Fourth Amendment, it is foreclosed from habeas review by *Stone v. Powell*.[109] Essentially, the rule stated by the Supreme Court in *Powell* is that a habeas petitioner may not receive relief on the ground that evidence obtained in an unconstitutional search was used at his trial provided that the state has afforded him a full and fair opportunity to litigate that issue.[110] A full and fair opportunity to litigate a Fourth Amendment claim in state court exists where there is a state procedural mechanism that: (1) affords the opportunity to raise a Fourth Amendment claim, and (2) the particular claim

---

[105] *See*, ECF # 7, Attachment at 264.

[106] *Henson v. Smith*, 36 F. App'x 745, 747-48 (6th Cir. 2002).

[107] ECF # 1 at 4.

[108] ECF # 7 at 16-17.

[109] *Stone v. Powell*, 428 U.S. 465 (1976).

[110] *Id* .at 494.

at issue was not "frustrated because of that mechanism."[111] Where the state procedure for litigating a Fourth Amendment claim is full and fair, the claim is not cognizable in a federal habeas proceeding.[112]

Here, as the State details, Foster fully employed Ohio's established review procedure in adjudicating his Fourth Amendment claim within the context of his motion to suppress.[113] Specifically, Foster filed a pretrial motion to suppress under Rule 12 of the Ohio Rules of Criminal Procedure and then directly appealed from the denial of that motion.[114] As District Judge Benita Pearson recently concluded in *Martin v. Hall*,[115] filing a motion to suppress under Rule 12 of the Ohio Rules of Criminal Procedure, and appealing from its denial, constitutes a full and fair state law procedure with which to litigate Fourth Amendment claims, such that its use would preclude federal habeas relief for that claim.[116]

Accordingly, to the extent that ground three is understood as a Fourth Amendment challenge to allowing the admission of Foster's statement made following a warrantless

---

[111] *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (internal quotations omitted).

[112] *Harding v. Russell*, 156 F. App'x 740, 745 (6th Cir. 2005) (citation omitted).

[113] ECF # 7 at 16-17.

[114] *Id.* (citing record).

[115] *Martin v. Hall*, 2012 WL 601912 (N.D. Ohio Feb. 23, 2012).

[116] *Id.*, at *3 (citation omitted).

arrest, I recommend finding that it is non-cognizable as a basis for federal habeas relief and so should be dismissed.[117]

d.      *Ground four – admissibility of testimony at trial*

Foster raises three separate claims under this ground. First, he argues that two witnesses should not have been allowed to testify as to why they believed sexual assault victims later recant their accusations.[118] Next, he contends that his wife should not have been permitted to testify as to whether she believed the victim was telling the truth when she made allegations against Foster in 2004.[119] Finally, he maintains that a police officer should not have been permitted to refer to Foster's step-daughter as "the victim."[120]

As the State points out, a state trial court's decisions about the admissibility of evidence are generally not cognizable as a basis for a federal habeas corpus claim.[121] Such matters will not merit habeas relief unless the error was so prejudicial as to deprive the defendant of a fundamentally fair trial and thereby violate due process.[122] The Supreme Court

---

[117] Arguments raised by Foster in his petition that this claim be construed under the Fifth Amendment (ECF # 1 at 4) and in his traverse that the claim be addressed under the Sixth Amendment (ECF # 8 at 6-9) are addressed later.

[118] ECF # 1 at 5; ECF # 8 at 9-10.

[119] ECF # 1 at 5; ECF # 8 at 10-11.

[120] ECF # 1 at 5; ECF # 8 at 11.

[121] ECF # 7 at 17 (citing *Estelle*, 502 U.S. at 67-68).

[122] *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988).

has defined "very narrowly" the category of infractions that violate "fundamental fairness."[123] In that regard, the Sixth Circuit has stated that "'[w]hether the admission of prejudicial evidence constitutes a denial of fundamental fairness turns upon whether the evidence is material in the sense of a crucial, critical highly significant factor.'"[124]

i.      Testimony regarding why in general sex abuse victims recant

Here, as to the first issue of testimony as to why victims later recant their accusations, the state appeals court noted first that neither of these two witnesses gave opinion testimony, but the witnesses here testified in general as to why, in their personal experience,[125] victims of sexual abuse later recanted.[126] The court also observed that neither testified specifically as to any reason why the victim here later recanted her 2004 allegations against Foster.[127]

Based on the foregoing, and on the standard given above for when the admission of prejudicial evidence constitutes a denial of fundamental fairness, I recommend finding that the decision by the state trial court to admit testimony from Anderson and McPike as to why

---

[123] *Bey*, 500 F.3d at 522.

[124] *Ege v. Yukins*, 485 F.3d 364, 375 (6th Cir. 2007) (quoting *Brown v. O'Dea*, 227 F.3d 642, 645 (6th Cir. 2000)).

[125] Tierra Anderson, who worked at the sex abuse intake unit of the Cuyahoga County Department of Children and Family Services, testified that victims recanted in fifteen to twenty percent of her cases. ECF # 7, Attachment at 261-62. Det. James McPike was a member of the Cleveland Police Sex Crimes and Child Abuse Unit. ECF # 7, Attachment at 257.

[126] ECF # 7, Attachment at 266.

[127] *Id.* at 266-67.

-27-

in general sex abuse victims in their experience later recant did not violate fundamental fairness and so does not here constitute a cognizable claim for federal habeas relief.

ii.     Testimony by Foster's wife/ the victim's sister regarding 2004 allegation

As concerns the testimony of Foster's wife concerning her disbelieving the victim in 2004 when told of abuse allegations against Foster, the state appeals court found that "even if we were to agree that N.S. [Foster's wife] was opining about B.S.'s credibility [in 2004], we fail to see how [Foster] was prejudiced" by his wife's testimony that she did not believe the victim at that time.[128] Similarly, I recommend concluding that Foster's claim in this regard should be dismissed as not cognizable as a basis for federal habeas relief.

iii.    Testimony by a police officer referring to the "victim"

Here, Foster had contended in the state appeal that Cleveland Police Detective Barnes improperly referred to B.S. as "the victim" and to Foster's wife as "the victim's sister."[129] However, as the state appeals court observed, the trial court "sustained [Foster's] objections to this terminology and instructed the witness to use names. [Foster] did not request any curative instruction."[130]

On this record when viewed in light of the applicable law stated above as to fundamental fairness, I recommend finding that this claim should be denied as non-cognizable.

---

[128] *Id*. at 267.

[129] *Id*.

[130] *Id*.

In sum, after considering all three elements of Foster's claim in ground four under the rubric of fundamental fairness, I recommend finding that this entire claim should be dismissed as non-cognizable.

e.      *Ground six – Testimony of other bad acts without limiting instruction*

The State argues first that Foster's claim regarding a lack of a limiting instruction concerning other acts evidence was not properly preserved by an objection at the time.[131] However, the State further asserts that even if this argument (and the argument in ground eight concerning an instruction as to a lesser included offense) was properly preserved for the Ohio appeals court, it is non-cognizable in this federal habeas proceeding.[132]

The Supreme Court teaches that in order to warrant habeas relief, jury instructions must not only be erroneous, but also, taken as a whole, be so infirm as to render the entire trial fundamentally unfair.[133] Thus, only if the challenged instruction by itself so infected the entire trial that the resulting conviction violated due process, can the federal habeas court grant the writ.[134] As the Supreme Court further stated in this regard, review of jury instructions by a federal habeas court must be done while bearing in mind that the Court has

---

[131] ECF # 7 at 20.

[132] *Id.*

[133] *Estelle*, 502 U.S. at 72.

[134] *Baze v. Parker*, 371 F.3d 310, 327 (6th Cir. 2004) (citing *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977)).

-29-

defined the category of infractions that violate fundamental fairness "very narrowly."[135] Moreover, the burden of showing a denial of fundamental fairness is "especially heavy" where the alleged error is not that an erroneous instruction was given but is based on a failure to instruct.[136]

As the claim in ground six that the trial court should have given a limiting instruction as to other acts evidence, I note first that, even if this were a cognizable claim, the Sixth Circuit has held that there is no clearly established federal law holding that a state violates due process by allowing the introduction of evidence of prior bad acts.[137] That said, and viewing the failure to give a limiting instruction in this case under the framework for evaluating claims of erroneous jury instructions outlined above, I recommend finding that even if this assertion is deemed to have been preserved, Foster has not shown that the failure to give this instruction so infected his entire trial as to deny him fundamental fairness. Thus, I recommend dismissing Foster's claim in ground six as non-cognizable.

f.      *Ground seven – Testimony of Foster's wife without his consent*

Foster claims in this ground that his wife was permitted to testify against him in violation of Ohio law.[138] He contends that Ohio Revised Code § 2945.42 requires that Foster

---

[135] *Estelle*, 502 U.S. at 72-73 (quoting *Dowling*, 493 U.S. at 352).

[136] *Kibbe*, 431 U.S. at 155. "An omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."

[137] *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003).

[138] ECF # 8 at 16.

give his permission before his wife could testify, and that since no permission was given, "it was improper and prejudicial to even allow [N.S.] to testify in these proceedings."[139]

Although not cited by the State, this precise question was directly addressed by the Sixth Circuit in the recent case of *Sandoval v. Toledo Correctional Institution*.[140] There, as here, a federal habeas petitioner sought relief on the grounds that trial testimony from his wife was barred by Ohio's marital privilege statute (Ohio Revised Code § 2945.42).[141] There, exactly as here, the petitioner claimed that this error of state law was "'so prejudicial, it deprived the petitioner of the right to due process under the Fourteenth Amendment and caused the petitioner to have been tried unfairly.'"[142] In its analysis the *Sandoval* court initially observed that the root concern underlying Ohio's marital privilege law is preserving "marital peace" and is, therefore, distinct from concerns regarding fairness and reliability of testimony that are protected by the Due Process Clause. The *Sandoval* court then concluded that because the privilege so understood is solely a function of state law and its violation does not rise to the level of fundamental unfairness prohibited by due process, any alleged error by the state court in permitting testimony contrary to this state law privilege does not present a cognizable claim under habeas corpus.[143]

---

[139] *Id.* at 17 (citing *State v. Brown*, 115 Ohio St. 3d 55, 873 N.E.2d 858 (2007)).

[140] *Sandoval v. Toledo Corr. Inst.*, 409 F. App'x 847 (6th Cir. 2010).

[141] *Id.* at 851.

[142] *Id.* (quoting petitioner's brief). *Compare*, ECF # 1 at 5; ECF # 8 at 17.

[143] *Id.* at 851-52.

Accordingly, I recommend finding that the recent holding in *Sandoval* controls in this case and, thus, that Foster's seventh ground for relief should be dismissed as non-cognizable.

g.　　*Ground eight – Failure to instruct as to lesser included offense*

Similar to the analysis given above as to ground six, I observe as regards Foster's claim concerning the failure to instruct on lesser included offenses, that Foster made no contemporaneous objection at trial.[144] Moreover, as above, I also observe that the Sixth Circuit teaches that there is no constitutional duty to instruct on lesser included offenses in non-capital cases, even when such an instruction is requested by counsel.[145]

In this case, after reviewing this claim in light of the stated standard for evaluating claims based on a failure to instruct, I recommend finding that Foster has not shown that the failure to instruct on lesser included offenses here so infected his entire trial that the resulting conviction violated due process. Accordingly, I recommend dismissing ground eight as non-cognizable.

---

[144] This will be more extensively discussed later.

[145] *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990) (*en banc*). *Bagby* stated that it was "conceivable" that failure to instruct as to a lesser included offense in a non-capital case may present a cognizable matter for federal habeas relief where "a fundamental miscarriage of justice is found to have resulted from the arbitrary and unsupportable denial of a lesser included offense instruction in clear defiance of state law." *Bagby*, 894 F.2d at 795. However, *Bagby* also stated that these occasions would occur only in the "most unusual circumstances," such as where the failure to give the instruction likely resulted in the conviction of an innocent person. *Id*.

h.    *Ground ten – Consecutive sentences on first offender*

Foster maintains in this ground for relief that because Ohio law presumes that multiple prison terms should be served concurrently, the imposition of consecutive sentences in his case resulted in the denial of due process.[146]

In denying this claim, the state appeals court observed[147] that, while Ohio statute did formerly create such a presumption in favor of concurrent sentences, that presumption was eliminated by the Ohio Supreme Court's decision in *State v. Foster*.[148] Presently, the Ohio appeals court determined, "trial courts [in Ohio] have full discretion to impose a prison sentence within the statutory range, without giving a reason for imposing consecutive terms."[149] Therefore, because the trial court here sentenced Foster to consecutive minimum terms totaling six years – a period less than the maximum term of ten years available for either of the rape counts – the appellate court concluded that the sentence was within the statutory range available and that Foster had not shown any abuse of discretion.[150]

---

[146] ECF # 8 at 18-19.

[147] ECF # 7, Attachment at 271-72.

[148] *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E.2d 470 (2006).

[149] ECF # 7, Attachment at 271 (citing *Foster*).

[150] *Id.*

-33-

As has now been conclusively determined, "a state may allow courts unfettered discretion to impose consecutive sentences" without violating the Constitution.[151] In that regard, "the maximum sentence to which [Foster] was constitutionally subject contemplated consecutive sentences."[152]

Accordingly, I recommend finding first that the imposition of consecutive sentences here does not raise a cognizable claim for federal habeas relief. Thus, I recommend further that Foster's tenth ground for relief should be dismissed.

### 2. Grounds three (partial), six, eight, and nine are procedurally defaulted and so should be dismissed.

*a.     Ground three (partial) – Fifth and Sixth Amendment claims regarding admission of Foster's statement after warrantless arrest*

This analysis concerns other aspects of Foster's claim in ground three that statements he made to police after his arrest should have been suppressed. A discussion appears above as to why the portions of this claim alleged to arise under the Fourth Amendment should be dismissed as non-cognizable.

Here, the State contends that to the extent Foster attempts to base this claim on a violation of the Fifth Amendment (as related in the caption to the claim in his petition),[153] or

---

[151] *Hooks v. Sheets*, 603 F.3d 316, 321 (6th Cir. 2010) (citing *Oregon v. Ice*, 555 U.S. 160 (2009)).

[152] *Id.*

[153] *See*, ECF # 1 at 4.

as a violation of the Sixth Amendment (as he attempts to do in his traverse),[154] these arguments are procedurally defaulted for not being presented to the Ohio courts.[155] The State in addition notes that the issue of a violation of the Sixth Amendment was not raised in the petition and thus may not be initially raised in the traverse.[156]

I recommend finding that the State's position is correct. First, Foster's brief to the state appeals court asserted very specifically that admitting the statements made following his arrest violated the Fourth Amendment.[157] After conceding that Officer Barnes "claimed that he gave [Foster] his Miranda warnings" upon his arrest, Foster in particular argued that "while recitation of a proper *Miranda* warning may satisfy the requirements of the Fifth Amendment, evidence may still be inadmissible because it was obtained in violation of the rights of the defendant under the Fourth Amendment."[158] In sum, Foster's argument to the Ohio appeals court was that, because there was no probable cause for his arrest, that arrest was improper under the Fourth Amendment and its fruit – *i.e.*, his statement to police –

---

[154] *See*, ECF # 8 at 6-9.

[155] ECF # 7 at 27.

[156] ECF # 9 at 1 (citing *Taylor v. Mitchell*, 296 F. Supp. 2d 784, 789 (N.D. Ohio 2003)).

[157] ECF # 7, Attachment at 167-70.

[158] *Id.* at 170.

-35-

should, therefore, have been suppressed notwithstanding that a *Miranda* warning had been given.[159]

As noted above, this Fourth Amendment argument is not cognizable here as a ground for federal habeas relief. Further, I recommend finding that the mere insertion of the words "Fifth Amendment" in the caption of this ground in the petition does not transform the Fourth Amendment claim related above into an assertion that statements should have been suppressed at trial because they were obtained in violation of the Fifth Amendment. Plainly, as noted above, that was not the claim in the state courts. Accordingly, I recommend concluding that any attempt to raise that claim now would be procedurally defaulted.[160]

Further, to the extent that Foster has, in the traverse, attempted yet another permutation of his argument in the state courts to now frame this claim as one arising under the Sixth Amendment, I recommend finding that such an argument would also be procedurally defaulted. In addition, as the State observes, I also recommend finding that such an argument should not be considered by this Court inasmuch as it was raised for the first time in the traverse – which is not the proper mechanism for such an action.[161]

---

[159] *Id.*

[160] It may also be argued that Foster did not fairly present any Fifth or Sixth Amendment arguments to the Ohio court. A more complete discussion of fair presentment is given as part of the review of ground nine. Lack of fair presentment constitutes procedural default. *Lorraine v. Coyle,* 291 F.3d 416, 425 (6th Cir. 2002).

[161] *Mathis v. Smith*, 2011 WL 680148, at *5 (N.D. Ohio Jan. 7, 2011) (citations omitted); *Burns v. Birkett*, 2007 WL 2318740, at *5 n.2 (E.D. Mich. Aug. 9, 2007) ("Because these claims are being presented for the first time in petitioner's traverse or reply brief, rather than in his habeas petition, this Court declines to address these claims, because they are not

*b., c.  Ground six – No limiting instruction on other acts evidence; Ground eight – No instruction on lesser included offense*

The State maintains as to both grounds six and eight that, because Foster failed to comply with Ohio contemporaneous objection rule in both cases, these claims should now be dismissed as procedurally defaulted.[162]

As to the lack of a limiting instruction on other acts evidence (ground six), the Ohio appeals court specifically noted that Foster did not cite any place in the record where he requested a limiting instruction, and so "we need not consider any error appellant did not bring to the trial court's attention."[163] Similarly, as to the claim in ground nine that the court did not instruct on the lesser included offense of gross sexual imposition, the Ohio appeals court stated that because "appellant's counsel did not request such a charge," the court "need not address alleged errors that were not brought to the trial court's attention."[164]

It is well-settled that Ohio's contemporaneous objection rule is an established basis for enforcing a procedural default.[165] Here, because the state appeals court clearly invoked that rule to deny Foster review of these claims on their merits, I recommend finding that both claims should now be dismissed as procedurally defaulted.

---

properly before this Court.").

[162] ECF # 7 at 30.

[163] ECF # 7, Attachment at 268.

[164] *Id.* at 270.

[165] *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001).

d.      *Ground nine – Sufficiency of the evidence*

In ground nine as articulated in the petition, Foster asserts that he was "denied due process of law when the [trial] court failed to enter a judgment of acquittal because there was insufficient evidence to permit a rational factfinder to return a verdict of guilty."[166]

The State, however, notes that Foster's argument to the state court was that his conviction was against the manifest weight of the evidence.[167] In particular, as the Ohio appeals court directly stated, although Foster used both "insufficiency of the evidence" and "manifest weight of the evidence" in his assignment of error, "[Foster] does not argue the sufficiency of the evidence," but rather "only argues that B.S.'s testimony was not credible" – a manifest weight argument that invited the appeals court to "act as the thirteenth juror" and then discount the victim's testimony as not credible.[168]

The Sixth Circuit clearly teaches that a petitioner must present the same claim under the same theory to the federal habeas court as was presented to the state courts.[169] By contrast, modifying or altering the legal foundation of a claim deprives the state court of the opportunity to adjudicate the same claim as is presented in the federal habeas petition and results in a procedural default of the newly asserted theory for habeas purposes.[170]

---

[166] ECF # 1 at 5.

[167] ECF # 7 at 28.

[168] ECF # 7, Attachment at 270-71.

[169] *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987).

[170] *Lorraine*, 291 F.3d at 425.

Here, because as the state appeals court expressly found, Foster argued this claim to the state court as one involving a verdict against the manifest weight of the evidence and not as involving an insufficiency of the evidence, I recommend finding that Foster has not fairly presented any claim for insufficiency of the evidence, and that any such a claim in ground nine be dismissed as procedurally defaulted.

3.    ***Ground five – alleging an improper limiting of cross-examination – should be denied on the merits since the state appeals court adjudication of this issue was not contrary to clearly established federal law.***

In this claim, as presented to the Ohio appeals court, Foster argued that he was improperly restricted from cross-examining the victim, B.S., about her sexual relationship with another man, Revante, who also fathered a child with B.S.[171] Specifically, at trial Foster's attorney had attempted to ask B.S. whether her sexual actions with Revante were consensual or not consensual.[172] The trial court sustained an objection to this question.[173] On appeal, after citing to Supreme Court cases upholding a defendant's right under the Confrontation Clause to cross-examine a witness to test for credibility or conflict of interest, Foster maintained that the actions of the trial court abrogated his right to a full and complete cross-examination, thus being prejudical *per se* and denying him a fair trial.[174]

---

[171] ECF # 7, Attachment at 175.

[172] *Id.*

[173] *Id.*

[174] *Id* .at 177.

-39-

After a brief statement of the issue, and without citing any specific authority, the state appeals court found that "[w]hether the victim consented to sexual relations with another person at another time has no relevance to the question of whether she consented to sexual relations with [Foster]."[175] Therefore, the appellate opinion concluded, the trial court "did not abuse its discretion or deny [Foster] his right of confrontation by sustaining the state's objection to this inquiry."[176]

It is well-recognized while cross-examination plays a vital role in testing a witness's credibility, not all cross-examination is constitutionally protected.[177] In that regard, the Supreme Court has clearly stated that trial judges retain "wide latitude" under the Confrontation Clause to "impose reasonable limits" on cross-examination.[178] Specifically, mere general attacks on a witness's credibility are not favored, while more direct, focused lines of questioning that go towards revealing "possible biases, prejudices, or ulterior motives as they may relate directly to the issues or personalities at hand" will be found to be constitutionally protected.[179]

Consistent with this jurisprudence, the Sixth Circuit teaches that although the credibility of an alleged victim of sexual assault is often a critical issue, "the Constitution

---

[175] *Id.* at 268.

[176] *Id.*

[177] *Davis v. Alaska*, 415 U.S. 308, 316 (1974).

[178] *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986).

[179] *Davis*, 415 U.S. at 316.

does not require that the defendant be given the opportunity to wage a general attack on credibility by pointing to individual cases of past conduct [by the alleged victim]."[180] Indeed, the Sixth Circuit has recently reaffirmed the rule in *Boggs* that there is no violation of the Confrontation Clause where, similar to this case, Ohio's rape-shield law was invoked to preclude cross-examining the complaining witness as to her prior sexual history as part of only a general attack on her credibility.[181]

Accordingly, although the appellate court opinion here did not directly cite to any federal case authority, I recommend finding that its decision and reasoning are not contrary to the clearly established federal law outlined above. Thus, I recommend that ground five of Foster's petition be denied on the merits for the reasons stated.

## Conclusion

For the foregoing reasons, I recommend that the petition of Albert Foster for a writ of habeas corpus be denied in part and dismissed in part as is more fully detailed above.


Dated: July 27, 2012                          s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

---

[180] *Boggs v. Collins*, 226 F.3d 728, 740 (6th Cir. 2000).

[181] *Jordan v. Warden, Lebanon Correctional Inst.*, 675 F.3d 586, 595-96 (6th Cir. 2012) (citations omitted).

-41-

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[182]

_____

[182] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).