IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
ALBERT FOSTER,

                               Petitioner

            -vs-

ED BANKS, Warden,

                             Respondent.
------------------------------------------------

CASE NO. 1:10 CV 01578

<u>MEMORANDUM OF OPINION AND
ORDER ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND
DISMISSING THE PETITIONER'S
PETITION FOR HABEAS RELIEF</u>

UNITED STATES DISTRICT JUDGE LESLEY WELLS

     Pursuant to Local Rule 72.2(b)(2), the instant petition for the Writ of Habeas Corpus was referred to United States Magistrate Judge William H. Baughman, Jr., for report and recommendation ("R&R"). On 27 July 2012, the Magistrate Judge recommended that the petition be denied in part and dismissed in part. The petitioner's timely objections are now before the Court. For the reasons that follow, the objections will be overruled and the Magistrate Judge's recommendations accepted.

**I. Background**

     In December 2004, the petitioner Albert Foster was arrested for the sexual assault of a minor, B.S., the 15-year-old sister of his wife, N.S. According to the state court record, the minor victim, who was learning disabled, had been living with her sister since she was eleven, and she considered the petitioner like a father.

Mr. Foster was charged by indictment with 38 counts of rape and kidnapping. Before trial, after having told arresting officers that he did have sex with B.S. but only after she seduced him, the petitioner moved to suppress the statement. The motion was denied. On the day of trial, the state moved to amend the bill of particulars as to eight counts of the indictment in order to more specifically identify the date, time, location, and nature of criminal acts alleged in the indictment. The motion was granted over Mr. Foster's objections. After hearing testimony from the victim, her sister, forensic biologists, an ER nurse, a sexual abuse counselor, and two police detectives, the jury found Mr. Foster guilty of two counts of rape and two counts of kidnapping. He was found not guilty on the remaining counts. The petitioner was sentenced to six years incarceration. Mr. Foster's conviction was affirmed by the intermediate court of appeals, and the Ohio Supreme Court dismissed his appeal as not involving any substantial constitutional question.

On 16 July 2010, Mr. Foster filed the present habeas appeal, asserting the following ten grounds for relief:

A. Ground one: Sixth and Fourteenth Amendment

Supporting Facts: The trial court allowed the prosecuting attorney to amend the bill of particulars, which, in effect, amended the indictment without resubmission of the case to the grand jury.

B. Ground two: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the trial court would not continue the trial based on amendments which the court allowed to the indictment which occurred on the date of trial.

2

C. Ground three: Fourth, Fifth and Fourteenth Amendment

Supporting Facts: Petitioner filed a motion to suppress any statements he made. Petitioner was arrested at his home by police without a warrant. Thus, any statements he made as a result of his warrantless arrest should have been suppressed.

D. Ground four: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law and a fair trial when the court permitted witnesses to state their opinions concerning why an alleged victim of sexual assault recants. Moreover, the court permitted witnesses to testify concerning beliefs rather than facts as they were perceived by the witnesses. In addition, the court allowed a police officer to testify as to his opinions as to who the victim was.

E. Ground five: Sixth and Fourteenth Amendment

Supporting Facts: Petitioner was denied his constitutional right of confrontation and cross-examination when the court precluded cross-examination on the issue of consent.

F. Ground six: Fourteenth Amendment

Supporting Facts: Petitioner was denied a fair trial when the court allowed evidence of other alleged bad acts and failed to give the jury a limiting instruction.

G. Ground seven: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court allowed petitioner's wife to testify without his consent.

H. Ground eight: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court refused to give a limiting instruction on any lesser included offenses which went to petitioner's right to present a defense.

I. Ground nine: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court failed to enter a judgment of acquittal because there was insufficient evidence to permit a rational factfinder to return a verdict of guilty.

J. Ground ten: Fourteenth Amendment

Supporting Facts: Petitioner was denied due process of law when the court imposed consecutive sentences on petitioner who was a first offender. A first offender under Ohio law should receive minimum concurrent sentences for the same offenses.

(Doc. 1).

On 7 December 2010, the respondent filed a return of writ. (Doc. 7). Mr. Foster filed a traverse, and the respondent filed surreply. (Doc. 8, 9). On 27 July 2012, the Magistrate Judge issued a report and recommendation advising that Mr. Foster's petition be denied in part and dismissed in part. On 7 September 2012, the petitioner timely filed objections, which are presently before the Court.

## II. Standard of Review of the Magistrate Judge's Report and Recommendation

This Court makes "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge." Local Rule 72.3(b). The failure by either party to file specific objections constitutes a waiver of the right to appeal the Magistrate Judge's recommendations. Thomas v. Arn, 474 U.S. 140, 155 (1985); Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir.1991).

"The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir.1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x. 354, 356 (6th Cir.2001) (citing Miller, 50 F.3d at 380). The

4

Sixth Circuit has explained that this specificity requirement is necessary to conserve judicial resources. Howard, 932 F.2d at 509 (if review of general objection is permitted, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act").

### III. Habeas Standard

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996,

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C.A. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412-13 (2000)). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. "[M]ixed question[s] of law and fact are reviewed under

5

the 'unreasonable application' prong. . . ." Biros v. Bagley, 422 F.3d 379, 386 (6th Cir. 2005)." Factual findings made by the state court, or by state appellate courts based upon the trial record, are presumed to be correct but may be rebutted by clear and convincing evidence." Id.

### IV. Law and Argument

#### A. Ground One

As his first ground for relief, the petitioner maintains that his constitutional rights were violated when the state was allowed to amend the bill of particulars to include additional details as to the date, time, location, and nature of criminal acts alleged. The petitioner argues that the amended bill of particulars amounted to an amended indictment which should have been submitted to the grand jury.

The Magistrate Judge rejected this argument, and, upon *de novo* review, this Court does the same. There are essentially two ways an indictment might be modified, by amendment or through a variance:

> An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A variance occurs when the charging terms of an indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment."

United States v. Ford, 872 F.2d 1231 (6th Cir.1989), cert. denied, 498 U.S. 843, 111 S.Ct. 124, 112 L.Ed.2d 93 (1990). "An amendment is considered per se prejudicial and warrants reversal of a conviction, whereas a variance is not reversible error unless the accused has proved a prejudicial effect upon his defense." Id. at 1235.

As the state court of appeals and the Magistrate Judge both observed, the amended bill of particulars "did not change the identity of the offense charged" or "alter

6

the elements of these offenses." Therefore, the petitioner does not describe an amendment. Nor does the petitioner describe a variance, because he does not explain, nor is it apparent, how the additional facts set forth in the amended bill of particulars were materially different from those alleged in the indictment.

The petitioner has failed to demonstrate that the state court's resolution of this issue resulted in a decision that was contrary to, or involved an unreasonable application of established federal law, 28 U.S.C. § 2254(d)(1). The Magistrate Judge's recommendation is accordingly accepted.

### B. Ground Two

As his second ground for relief, the petitioner maintains he was denied due process when the trial court allowed only a one-day continuance, after having allowed the state to amend the bill of particulars on the day of trial. The petitioner maintains that the short continuance impaired his ability to properly defend the case, because it was necessary for him to determine the petitioner's place of residence at the times set forth in the amended bill of particulars. The Magistrate Judge rejected this argument on two grounds. First, he agreed with the state court of appeals' decision that the petitioner was not prejudiced by the short continuance because the petitioner was acquitted on all counts associated with the amended bill of particulars. Second, the Magistrate Judge recognized that the decision to grant a continuance is within the discretion of the trial judge and that the denial of a continuance "becomes a constitutional issue of denial of due process only when the right to defend becomes an 'empty formality.'" (Doc. 10 at 23 (citing Ungar v. Sarafite, 376 U.S. 575, 589 (1964)). In the Magistrate Judge's view, there was no "empty formality," based on the particular facts of this case. The

7

Magistrate Judge accordingly recommended the finding that the one-day continuance did not implicate any constitutional issue.

On de novo review, the Court agrees with the conclusion of the Magistrate Judge and rejects the petitioner's objection. The petitioner offers little meaningful support for his assertion that he was "certainly entitled to a continuance and the refusal to grant a continuance resulted in a denial of due process of law." First of all, while it was perhaps not as long as he would have preferred, the petitioner was granted a continuance. Second, although the petitioner maintains that his defense depended on his investigating the additional facts contained in amended bill of particulars, nowhere does he contend that the short continuance actually prevented him from adequately investigating the facts. Moreover, even if the one-day continuance was insufficient time to investigate the facts, the petitioner provides no explanation as to how his defense was prejudiced as a result. It is not evident to this Court that the state court's resolution of this issue resulted in a decision that was contrary to, or an unreasonable application of, clearly established federal law. The Court accordingly accepts the Magistrate's recommendation.

### C. Ground Three (Fourth Amendment)

Next, the petitioner challenges the constitutionality of the trial court's denial of his motion to suppress statements he made to the police following his arrest. The Magistrate Judge recommended the finding that this claim is non-reviewable pursuant to Stone v. Powell, 428 U.S. 465, 494–95 (1976). Stone held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence

obtained in an unconstitutional search or seizure was introduced at his trial." Whether the petitioner had a full and fair opportunity to litigate the issue depends on (1) "whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim," and (2) "whether presentation of the claim was in fact frustrated because of a failure of that mechanism." Riley v. Gray, 674 F.2d 522, 526 (6th Cir. 1982). In the present case, the Magistrate Judge reasoned that the petitioner had an opportunity for full and fair litigation of the issue because he filed a motion to suppress pursuant to Rule 12 of the Ohio Rules of Criminal Procedure, the denial of which the petitioner directly appealed.

Based on the petitioner's objections, it is clear that he disagrees with the Magistrate Judge and the conclusion of the Ohio courts, but he does not explain how his presentation of the Fourth Amendment claim was frustrated by Ohio's procedural mechanism for raising a Fourth Amendment issue. The Court accordingly overrules the petitioner's objection and accepts the recommendation of the Magistrate Judge.

### D. Ground Four

The petitioner next contends that he was denied a fair trial by reason of evidentiary errors that occurred during his trial. Mr. Foster specifically challenges the trial court's decisions to allow (1) two witnesses to testify as to why they believed sexual assault victims later recant their accusations; (2) the petitioner's wife to testify that she did not believe her sister B.S. was telling the truth when she made her accusations; and (3) a police officer to refer to B.S. as "the victim."

In the Sixth Circuit, "[w]hether the admission of prejudicial evidence constitutes a denial of fundamental fairness turns upon whether the evidence is material in the sense

of a crucial, highly significant factor." Ege v. Yukins, 485 F.3d 364, 375 (6th Cir. 2007). Further, "unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." Schneble v. Florida, 405 U.S. 427, 432 (1972). The Magistrate Judge concluded that the petitioner's evidentiary challenges did not meet this "very narrowly" defined category of infractions that violate fundamental fairness. The petitioner objects but fails to assert any specific basis for undermining the Magistrate Judge's conclusion, pursuant to 28 U.S.C. § 636(b)(1). The Magistrate Judge's recommendation is accordingly accepted.

### E. Ground Six

In ground six, the petitioner argues that he was deprived of a fair trial when the trial court failed to give a limiting instruction with respect to prior bad acts evidence. The Magistrate Judge rejected this claim, noting, first, that the claim was procedurally defaulted, because the claim was not preserved by contemporaneous objection. The Magistrate Judge also rejected the substance of the claim, pointing out that "in order to warrant habeas relief, jury instructions must not only be erroneous, but also, taken as a whole, be so infirm as to render the entire trial fundamentally unfair." (Doc. 10, p. 29 (citing Estelle v. McGuire, 502 U.S. 62, 72 (1991))). The Magistrate Judge reasoned that because "there is no clearly established federal law holding that a state violates due process by allowing the introduction of evidence of prior bad acts," the failure to give a limiting instruction could not have rendered the trial fundamentally unfair. (Doc. 10, p. 30).

The petitioner offers no objection to the conclusion that this claim is procedurally defaulted, but he does challenge the Magistrate Judge's assertion that the introduction

10

of evidence of prior bad acts does not violate clearly established federal law. The petitioner indicates that under Supreme Court precedent the introduction of unduly prejudicial evidence that renders a trial fundamentally unfair violates the constitution, pursuant to Payne v. Tennessee, 501 U.S. 808, 825 (1991).

This argument is rejected. While the Court acknowledges the constitutional principle set forth in Payne, the petitioner supplies no precedent holding that admission of prior bad acts evidence falls into the category of unduly prejudicial evidence identified in that case. As the magistrate judge correctly observed, the Sixth Circuit has indicated that "[t]here is no clearly established Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." Bugh v. Mitchell, 329 F.3d 496, 512 (6th Cir. 2003). The Magistrate Judge's recommendation is accordingly accepted.

### F. Ground Seven

In ground seven, the petitioner claims that he was denied due process of law when the trial court allowed his wife to testify against him in violation of Ohio Revised Code § 2945.42. The Magistrate Judge concluded that this claim is not cognizable pursuant to Sandoval v. Toledo Correctional Institution, 409 F.App'x 847 (6th Cir. 2010), which held that a violation of the Ohio Marital Privilege statute does not amount to a due process violation so as to warrant habeas relief. The Sandoval court reasoned that because the purpose of the marital privilege statute is to preserve "marital peace," and not to ensure the reliability of evidence, a spouse's testimony in violation of the statute does not amount to a due process violation. Id. at 450-52. The Magistrate Judge accordingly recommended rejecting the petitioner's seventh ground for relief.

11

The petitioner objects by asserting that Sandoval is inapposite, but he provides no meaningful argument to support this contention. Having reviewed Sandoval, this Court finds, as did the Magistrate Judge, that it is on point and applicable. The petitioner's objection is accordingly rejected and the recommendation accepted.

### G. Ground Eight

In his eighth ground for relief, the petitioner asserts that he was denied due process when the trial court refused to give a limiting instruction with respect to lesser included offenses. As in ground six, the Magistrate Judge concluded that this claim was procedurally defaulted because it was not preserved by contemporaneous objection. Alternatively, even if the petitioner had not defaulted on the claim, the Magistrate Judge concluded that the claim fails as non-cognizable, pursuant to Bagby v. Sowders, 894 F.2d 792, 797 (6th Cir. 1990) (*en banc*). In Bagby, an en banc panel of the Sixth Circuit was faced with the question whether "the failure to instruct on lesser included offenses in noncapital cases [is] such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." The court answered the question in the negative. Id. The Magistrate Judge accordingly rejected Mr. Foster's argument to the contrary.

The petitioner objects but fails to address the issue of procedural default, and his argument with respect to whether this claim is cognizable misses the mark. The petitioner contends that the Magistrate Judge erred by considering this issue as one of fundamental fairness when he should have properly considered it as one under the Sixth Amendment right to present a defense. The Court rejects this argument as it was never presented for Magistrate Judge Baughman's review. The Magistrate Judge Act,

28 U.S.C. 631, et seq., "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 (6th Cir. 2000). Mr. Foster's objection is accordingly overruled.

### H. Ground Ten

In ground ten, the petitioner contends that he was denied due process when the state court imposed consecutive sentences on a first time offender. The Magistrate Judge determined that this claim is non-cognizable, because "'a state may allow courts unfettered discretion to impose consecutive sentences' without violating the Constitution." (Doc. 10, p. 34, quoting Hooks v. Sheets, 603 F.3d 316, 321 (6th Cir. 2010)). The petitioner objects, but he does not elaborate on his contention that the Magistrate Judge misinterpreted Hooks v. Sheets. In the Court's view, the Magistrate Judge properly considered and rejected the petitioner's tenth claim for relief.

### I. Grounds Three (under Fifth and Sixth Amendment), Six, Eight, and Nine

The Magistrate Judge concluded the petitioner's fifth and sixth amendment claims asserted under ground three, along with his sixth, eighth and ninth grounds for relief are all procedurally defaulted. The petitioner objects to this conclusion and maintains that the Magistrate Judge made an "incorrect analysis of the record in this case." As noted above, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." Cole v. Yukins, 7 F. App'x. 354, 356 (6th Cir.2001) (citing Miller, 50 F.3d at 380). The petitioner's assertion that the Magistrate Judge incorrectly analyzed the record, being unaccompanied by any meaningful argument, is "tantamount to a

complete failure to object." The Court accordingly adopts the Magistrate Judge's recommendations as to grounds three, six, eight, and nine.

## IV. Conclusion

For the reasons stated above, the petitioner's objections are overruled, the R&R is adopted, and the petition is dismissed.

IT IS SO ORDERED.

/s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 1 August 2014